UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
TIFFANY JORDAN AND MITCHELL MCKENZIE,

                       Plaintiff,

      -against-

CITY OF NEW YORK; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                       Defendants.
------------------------------------------------------------------- x

**COMPLAINT**

Jury Trial Demanded

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5. This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6. Plaintiff demands a trial by jury in this action.

## PARTIES

7. Plaintiffs Mitchell Mckenzie ("Mckenzie") and Tiffany Jordan ("Jordan")(collectively "plaintiffs") are residents of Kings County in the City and State of New York.

8. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

10. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

11. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

12. On December 31, 2016 at approximately 8:30 p.m. in the vicinity of 143rd Street and 7th Avenue, New York, N.Y. plaintiffs were lawfully passengers in a car, Yeshawn Daniels was the driver, when defendants ordered the car's driver to pull over.

13. Defendants illegally searched the car.

14. Under the driver's seat defendants claim to have found two "air guns".

15. At no point did the officers observe plaintiff doing anything illegal.

16. The driver informed defendants that he was the owner of the air guns and that air guns are not illegal. Defendants acknowledged that the recovered objects were merely air guns.

17. Plaintiffs were handcuffed tightly and placed in a police van. Plaintiffs, repeatedly requested that the cuffs be loosened, but defendants refused. As a result plaintiffs suffered contusions and swelling to her wrists, requiring a visit to the Mount Sinai St. Lukes Emergency Room the day after she was released.

18. Plaintiffs were handcuffed tightly and placed in a police van. Plaintiffs, repeatedly requested that the cuffs be loosened, but defendants refused. As a result Jordan suffered contusions and swelling to her wrists, requiring a visit to the Mount

Sinai St. Lukes Emergency Room the day after she was released.

19. Ultimately, plaintiff was taken to Brooklyn Central Booking.

20. After about twenty-four hours in custody plaintiff was released without seeing a judge.

21. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### 42 U.S.C. § 1983

22. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

23. Defendants, by their conduct toward plaintiff alleged herein, violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

24. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

25. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

26. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

**27.** As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Denial Of Constitutional Right To Fair Trial

28. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

29. The individual defendants created false evidence against Plaintiff.

30. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

31. In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual defendants violated Plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

32. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Failure To Intervene

33.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

34.     Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

35.     Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

36.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged. Plaintiff repeats, reiterates, and realleges each and every allegation with the same force and effect as if fully set forth herein.

37.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

38.     The aforementioned customs, policies, usages, practices, procedures, and rules of the NYPD included, but were not limited to, police officers: failing to report

misconduct of other officers; using excessive force against individuals; unlawfully searching individuals; and unlawfully seizing an individual's personal property.

39. In addition, the City engaged in a policy, custom, or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiff's rights as described herein. As a result of the failure of the City to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant City has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

40. The foregoing customs, policies, usages, practices, procedures, and rules of the City and the NYPD constituted deliberate indifference to the safety, well-being, and constitutional rights of plaintiffs.

41. The foregoing customs, policies, usages, practices, procedures, and rules of the City and the NYPD were the direct and proximate cause of the constitutional violations suffered by plaintiffs as alleged herein.

42. The foregoing customs, policies, usages, practices, procedures, and rules of the City and the NYPD were the moving force behind the constitutional violations suffered by plaintiffs as alleged herein.

43. As a result of the foregoing customs, policies, usages, practices, procedures, and rules of the City and NYPD, plaintiff was subjected to excessive force and he was unlawfully arrested.

44. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff's constitutional rights.

All of the foregoing acts by defendants deprived plaintiff of federally protected rights, including, but not limited to, the right:

(a) To be free from false arrest/unlawful imprisonment;

(b) To be free from unreasonable search and seizure;

(c) To be free from excessive force; and

(d) To be free from the unnecessary and wanton infliction of pain caused by intentionally denying or delaying access to medical care and intentionally interfering with the treatment prescribed.

(e) As a result of the foregoing, plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.


DATED:   November 6, 2019
         New York, New York

                              _____/s_____
                              Robert Marinelli
                              305 Broadway, Suite 1001
                              New York, New York 10007
                              (212) 822-1427
                              robmarinelli@gmail.com

                              *Attorney for plaintiff*